Matter of Talassazan (2021 NY Slip Op 07003)





Matter of Talassazan


2021 NY Slip Op 07003


Decided on December 15, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2021-01126

[*1]In the Matter of Michael Eran Talassazan, an attorney and counselor at law. (Attorney Registration No. 4895660)



APPLICATION pursuant to 22 NYCRR 1240.10 by Michael Eran Talassazan, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 26, 2011, to resign as an attorney and counselor-at-law.



Diana Maxfield Kearse, Brooklyn, NY (David W. Chandler of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Michael Eran Talassazan, Albertson, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The respondent, Michael Eran Talassazan, has submitted an affidavit sworn to on January 26, 2021, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10). The respondent acknowledges in his affidavit that he is currently the subject of an investigation by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, involving at least the following acts of professional misconduct: misappropriating client funds for his own use and benefit, including settlement funds and a real estate down payment which were entrusted to him as a fiduciary and incident to his practice of law; making cash withdrawals from his escrow account; submitting falsified escrow account bank statements and a falsified ledger of his escrow account activity to the Grievance Committee; and improperly labeling his escrow account checks. The respondent avers that he cannot successfully defend himself against the charges and allegations based upon the facts and circumstances of his professional conduct.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
As to the issue of restitution, the respondent attests that he repaid all of the misappropriated funds set forth in the Grievance Committee's petition, totaling $87,700. Notwithstanding the foregoing, the respondent acknowledges that his resignation is submitted subject to any future application that may be made by the Grievance Committee for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the Court's continuing jurisdiction to make such an order.
The respondent also acknowledges and agrees that, pending the issuance of this order accepting his resignation, he will not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned charges and allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the Court grant the respondent's application to resign.
Inasmuch as the respondent's application to resign complies with the requirements of 22 NYCRR 1240.10, the application is granted and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that the application of the respondent, Michael Eran Talassazan, to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Eran Talassazan, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael Eran Talassazan, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael Eran Talassazan, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael Eran Talassazan, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court